FILED
11-18-11
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NANCY R. BARLOW

    Plaintiff(s)                      Case No.3:11-cv-1149-J-20mcr

v.

CARDWORKS SERVICING, LLC.
    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    NANCY R. BARLOW ("Barlow" or "Plaintiff") sues CARDWORKS SERVICING, LLC ("Cardworks" or "Defendant"), and states:

**I. INTRODUCTION**

    1. This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Cardworks for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter referred to as "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et. seq.* (hereafter referred to as "FCCPA"), which, among other things, prohibit debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

**II. PARTIES**

    2. Plaintiff is a natural person residing at 2074 Monmouth Circle, Orange Park, Florida 32073. At all times material, Barlow resided in Clay County, Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

    3. Cardworks is a Debt Collector as defined by the FDCPA and is registered with the

1

Florida Office of Financial Regulation as a debt collector. Its principal place of business is located at 101 Crossways Park West, Woodbury, NY 11797. Cardworks principal business is the collection of third party debts.

4. Cardworks is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a (6).

### III. JURISDICTION AND VENUE

5. Jurisdiction of the Court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper in that the alleged violation by Cardworks took place in Clay County, Florida.

### IV. FACTUAL ALLEGATIONS

6. On August 30, 2010 (the "Petition Date"), Plaintiff filed a joint petition for relief with her Husband under Title 11 Chapter 13 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in Case # 3:10-bk-07561-JAF. A Copy of the redacted § 341 Notice is attached as Exhibit 1. The case was converted to one under Chapter 7 on September 6, 2011.

7. Barlow filed the Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, i) protection under 11 U.S.C. § 362 to prevent harassing debt collectors from contacting them in collection efforts; ii) from the Bankruptcy Court an order of discharge pursuant 11 U.S.C.§ 727; and iii) a financial "fresh start".

8. As required by the Bankruptcy Code, Barlow filed her schedules, lists and statements in the Bankruptcy Case. Included in the Schedule F of unsecured creditors was Merrick Bank, P.O. Box 9201, Old Bethpage, NY 11804 with a balance of $1,276.00. The

creditor and address were pulled from the latest credit report available just prior to filing the Bankruptcy Case. A copy of the relevant page from the Schedule F is attached as Exhibit 2. Merrick received the notice from the Bankruptcy Court related to the filing and subsequently filed Proof of Claim #2 in the Chapter 13 case for the amount of $1,276.80.

9. On October 18, 2011, the Chapter 13 Trustee, Douglas Neway, convened and concluded the section 341 meeting of creditors ("Meeting of Creditors"). Neither Merrick Bank nor Cardworks appeared at the Meeting of Creditors.

10. Despite the automatic stay entered in the Bankruptcy Case and the provisions of the FDCPA and FCCPA, Merrick Bank referred and/or sold the account to Cardworks for collection after the commencement of the case.

11. On September 14, 2011, Cardworks mailed a demand for payment to Barlow for collection of the Merrick Bank pre-petition debt which had been listed on Schedule F of the Barlow's Bankruptcy Schedules. A copy of the demand for payment letter is attached as Exhibit 3.

12. Cardworks failed to use reasonable steps for collection of accounts prior to mailing the collection letter to Barlow. Such steps would include, at a minimum, a BANKO or AACER search for bankruptcy activity related to the account and/or Barlow.

## V. CLAIMS FOR RELIEF
### COUNT I -- FDCPA VIOLATIONS

13. The Plaintiff realleges paragraphs (1) one through (12) twelve above.

14. Cardworks violated the FDCPA. Cardworks' violations include, but are not limited to, the following:

> i. Cardworks contacted Barlow directly when Cardworks knew that Barlow

was represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating 15 U.S.C. § 1692c (a)(2). Albert H. Mickler is the named attorney in the Plaintiff's bankruptcy case, which includes the debt outlined above. Merrick Bank undisputedly received notice of the bankruptcy case as it filed Proof of Claim #2 in the bankruptcy case, for the exact amount ($1276.80) as listed in the Defendant's demand for payment letter.

ii. Cardworks violated 15 U.S.C. § 1692e (2)(A) by falsely representing the character and legal status of the debt. The collection letter sent to Plaintiff misrepresented the character and legal status of the debt by stating that "If payments are not made on or before the dates identified above, Cardworks Servicing will resume its attempts to collect the full balance owed . . . ", when in fact the Bankruptcy Code prohibits collection attempts by creditors as well as preferential payment by debtors.

iii. The Defendant surreptitiously threatened to take further action, thereby violating 15 U.S.C. § 1692e(5). Defendant stated that if payment was not made, "Cardworks Servicing resume its attempts to collect the full balance owed." The Defendant did not possess the legal right to pursue such action, given that the ability to collect the debt was stayed by Order of the Bankruptcy Court. *See* 11 U.S.C. § 362(a).

iv. The Defendant did not meet the "least sophisticated consumer" standard as the collection notice did not effectively convey to the Plaintiff her rights

under the Bankruptcy Code and the FDCPA. *See Law Office of David J. Stern, P.A. v. Martinez (In re Martinez)*, 271 B.R. 696, 700 (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985)). The demand for payment letter did not inform Plaintiff that the debt was not collectible given the pending bankruptcy case and was subject to discharge by order of the bankruptcy court.

15. Cardworks violated the provisions of the FDCPA, and is liable to Barlow for actual damages, statutory damages, and reimbursement of attorney's fees and costs associated with filing this action.

## COUNT II – FCCPA VIOLATIONS

16. Barlow realleges paragraphs one (1) through twelve (12) above.

17. Cardworks has violated the FCCPA. The violations include, but are not limited to:

   i. Cardworks contacted Barlow directly when Cardworks knew Barlow was represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating § 559.72(18) of the FCCPA.

   ii. Cardworks attempted to receive immediate and full payment for a debt that was known to be stayed by Order of the Bankruptcy Court, thereby violating § 559.72(9) of the FCCPA.

18. Pursuant to Florida Statute, § 559.77, Cardworks is liable to Barlow for actual damages, statutory damages, and reimbursement of attorneys' fees and costs associated with filing and prosecuting this action.

5

WHEREFORE, Barlow respectfully prays for i) declaratory judgment in her favor finding Cardworks violated the above stated provisions of the FDCPA and the FCCPA; ii) judgment in favor of Barlow awarding actual and statutory damages; iii) an award equal to any and all attorney's fees and costs associated with bringing this action; and iv) any and all other relief that the Court deems necessary and just.

Barlow demands a jury trial on all issues so triable.

DATED this __18__ day of November, 2011.

Law Offices of Mickler & Mickler

By: _____
Taylor J. King
Florida Bar No. 072049
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822
tjking@planlaw.com